EDWARD W. CHASE v. SWIFT & COMPANY.

FILED NOVEMBER 8, 1900. No. 9,316.

1. **Business Corporation: MEDICAL AID TO SERVANT: AUTHORITY OF MANAGER.** The manager of a business corporation has no implied authority to furnish medical aid and assistance to a servant of the corporation who has been injured outside the line of his duties.

2. **Evidence: INSTRUCTION.** Evidence examined, and found to warrant a peremptory instruction in favor of the defendant.

ERROR to the district court for Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*Weaver & Giller,* for plaintiff in error.

*Hall & McCulloch, contra.*

SULLIVAN, J.

Edward W. Chase, a practicing physician of the city of Omaha, brought this action against Swift & Co., an Illinois corporation, to recover for professional services rendered to employees of the defendant who had been injured in some manner during the progress of a strike in the fall of 1894. A jury impaneled to try the cause found, in obedience to a peremptory instruction, that the plaintiff had no cause of action, and judgment was accordingly rendered against him. The judgment is right and must be affirmed. The defendant was the owner of a packing-house which was being operated under the direction and management of its superintendent, A. C. Foster. The employees upon whom Dr. Chase attended were brought from Kansas City to South Omaha to take places of other employees of the defendant who had gone out on a strike; and the theory upon which the action was prosecuted was that the superintendent had agreed to take care of any of the new men who should be injured by the strikers in consequence of having engaged in the service of the company. There is some dispute as to what Foster agreed to do, and it is not clear to what extent he was authorized to bind his principal. But resolving all doubts in favor of the plaintiff, we are unable to see that the evidence received, plus the evidence offered and excluded, proved or tended to prove that the defendant was under any obligation to pay for medical services rendered to the wounded men. When, where or why they were injured does not appear, and hence there is nothing to indicate that Foster was within the scope of his apparent authority, as an agent of the company, in directing plaintiff to give them medical treatment. It is certain that they were not hurt while in the actual service of the defendant, and, there being no proof that they were assaulted by the strikers or that there was any causal relation between their injuries and the service in which they were engaged, it seems quite clear that it was not within the

apparent range of Foster's agency to employ a physician to attend them.

The judgment is

AFFIRMED.